IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID KARMY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-cv-01990-L** |
| § | |
| **STATE FARM LLOYDS, INC.,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Remand and Award of Attorney['s] Fees ("Motion") (Doc. 3), filed September 11, 2023. Having considered the Motion, response, reply, pleadings, Defendant's Notice of Removal, the record, and applicable law, the court **grants** Plaintiff's Motion; **remands** the action to the 413th Judicial District Court of Johnson County, Texas, from which it was removed; and **grants** Plaintiff's request for attorney's fees.

**I.   Background**

Plaintiff filed this suit on August 3, 2023 against "State Farm Lloyds, Incorporated" ("Lloyds, Inc.") in the 413th Judicial District Court of Johnson County, Texas. Doc. 1 at 1. On August 25, 2023, "State Farm Lloyds" ("State Farm") filed an Answer—on behalf of Lloyds, Inc.—because, according to State Farm, Lloyds, Inc. "is not a proper party." On September 5, 2023, State Farm removed this action to federal court. Lloyds, Inc. has not appeared. On September 11, 2023, Plaintiff filed its Motion arguing that the action should be remanded, and he should be awarded attorney's fees. On October 2, 2023, State Farm filed a Response (Doc. 5) indicating that it is not opposed to remanding this civil action, but that Plaintiff's request for attorney's fees should

be denied. Doc. 5 at 1. The court agrees that remand is proper because the named parties are not completely diverse; therefore, it limits its discussion to Plaintiff's request for attorney's fees.

## II.     Attorney's Fees

Plaintiff seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Here, Plaintiff argues that under Fifth Circuit precedent—namely, *Valencia v. Allstate Tex. Lloyd's*, 976 F. 3d 593, 595-96 (5th Cir. 2020), and *De Jongh v. State Farm Lloyds*, 555 F. App'x. 435, 437 (5th Cir. 2014)—State Farm had no objectively reasonable basis for removal. Doc. 3 at 2. In addition, Plaintiff asserts that:

> State Farm also had no objectively reasonable basis for not disclosing to the [c]ourt that the named defendant is [Lloyds, Inc.], and instead pretending that it is the named defendant. There is simply no excuse for the Notice's undisclosed and unexplained alteration of the caption. At a minimum, the [c]ourt should order State Farm to show cause as to why it should not be sanctioned for its wholly improper attempted sleight-of-hand.

*Id.* at 2 n.2. In response, State Farm first outlines why Lloyds, Inc. is not a proper party, and then states that it had an objectively reasonable basis to remove this action. Doc. 5 at 2. Specifically, State Farm argues that:

> [Lloyds, Inc.] is merely the attorney-in-fact for State Farm [ ]. [Lloyds, Inc.], does not investigate or handle any insurance claims, does not file an Annual Statement with the Texas Department of Insurance on its own behalf, does not pay premium taxes, and has not been issued a NAIC Company Code as an insurer by the National Association of Insurance Commissioners. An attorney-in-fact cannot be found liable under the insurance policy because it "does not bear risks, and has no contractual relationship with the insured but [rather] acts as an agent for [the Lloyds Plan]." *See, e.g.*, *Martinez v. State Farm Lloyds, et al.*, 204 Fed. Appx. 435, 437 (5th Cir. 2006) (per curiam) (applying Texas law).
>
> Because [Lloyds, Inc.] is not a proper party, [State Farm] answered on behalf of [Lloyds, Inc.] and removed the case based on diversity citizenship. This is not the first time the issue has come up in the Fifth Circuit or Texas. In *DeJongh*[,] the Fifth Circuit found that a case involving [Lloyds, Inc.] that had been taken to verdict was improperly removed because [Lloyds, Inc.] was not a diverse party. *Id.* at 439. A month later, the Southern District of Texas distinguished the ruling in *DeJongh* finding that a case against [Lloyds, Inc.] should not be remanded because under Texas' misidentification/misnomer rules the court had acquired jurisdiction over [Lloyds, Inc.] even though the petition at issue had originally named [Lloyds, Inc.] *Dalton v. State Farm Lloyds, Inc.*, 4 F. Supp. 3d 859, 864 (S.D. Tex. 2014).

*Id.* at 1-2.

The court disagrees and finds that State Farm had no objectively reasonable basis to remove this action. First, the facts in *Dalton* are easily distinguishable from the facts in this case. In *Dalton*, plaintiff served State Farm not Lloyds, Inc. and State Farm provided "up-front notice" in its Answer that Lloyds, Inc. was not the proper party and that it was "misnamed." During plaintiff's deposition in *Dalton*, she testified that she was bringing her claims against State Farm, and she never mentioned Lloyds, Inc. *Dalton*, 4 F. Supp. 3d at 864. The Southern District, therefore, concluded that under Texas's misnomer/misidentification law the court had jurisdiction. *Id.* ("[U]nder Texas law, when a defendant is misnamed in a suit, but is served with the misnomer and involved in the suit, the court acquires jurisdiction over the misnamed party if it is clear that no

one is prejudiced by the error.") (citations omitted). State Farm in this case did none of those things.

Second, the opinion in *Dalton* was decided on March 4, 2014, only two weeks after the Fifth Circuit issued its unpublished opinion in the *DeJongh* case. Nearly six years later, the Fifth Circuit in *Valencia* reemphasized its holding in *DeJongh* and clarified the difference between a misnomer and its decision in *DeJongh*. State Farm, however, makes no attempt to distinguish itself from *Valencia*, and it likely would be unable to do so, since the procedural histories regarding removal are nearly identical. In *Valencia*, the removing party never sought to join the action and rather "unilaterally changed the case caption without notifying the parties or the court of its intention to defend the case." *Valencia*, 976 F.3d at 595. As Plaintiff argues, State Farm did the same. Doc. 3. The removing party in *Valencia* also argued, as does State Farm, that the named defendant was not the proper party and was misnamed. *Id.* The Fifth Circuit, however, was not persuaded and neither is this court.

Finally, although Plaintiff failed to confer with State Farm about his Motion, he is still entitled to reasonable attorney's fees because State Farm failed to follow clearly established Fifth Circuit precedent and lacked an objectively reasonable basis for removal. The court, therefore, **grants** Plaintiff's request for reasonable attorney's fees and costs.

The court fully expects the parties to resolve the issue of attorney's fees without court intervention, as "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The court also admonishes Plaintiff for his failure to comply with Northern District of Texas Local Rule 7 and **directs** him to consider this failure in resolving the issue of attorney's fees.

**Memorandum Opinion and Order – Page 4**

### III. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion (Doc. 3); **remands** this action to the 413th Judicial District Court of Johnson County, Texas, from which it was removed; and **directs** the clerk of court to effect the remand forthwith in accordance with the usual procedure.

As previously stated, the court expects the parties to resolve the issue of attorney's fees and costs without the court's intervention. To the extent such attempts fail, Plaintiff may file a motion and documentation supporting his request for reasonable attorney's fees and costs incurred by **June 17, 2024.** State Farm may file a response by **June 27, 2024.** *The court retains jurisdiction over this action, but it does so only to rule on any motion filed by Plaintiff to recover attorney's fees and costs under § 1447(c) in connection with State Farm's improper removal.*

**It is so ordered** this 5th day of June, 2024.

Sam A. Lindsay
United States District Judge